We're going to move to the last case of the day, Jackie Wilson v. Wexford Medical Services et al. This is case number 17-3261. Ms. Sammons. Thank you, your honors. This case arises out of a prisoner litigation. Mr. Wilson was in prison while he conducted a hunger strike. During the course of his hunger strike, he was denied involuntary feeding. And so he filed a lawsuit. It was a 414-day hunger strike. Intermittently for a total of 53 days, he was denied involuntary feeding. The court initially dismissed his complaint under section 19-5G because he didn't pay the entire fee. And also because he did not list all of his prior litigation history. Mr. Wilson subsequently filed a motion to alter and amend the judgment. The judge reversed her ruling on 19-5G because it was an administrative error with the prison itself. And in his motion, he also explained that, and this was also played in his complaint, that one of the reasons for his hunger strike was because all of his legal paperwork had been destroyed. Further in his motion, he explained that because he didn't have access to his prior legal paperwork, he essentially put down the cases that he could remember, and the cases that one of the jailhouse lawyers, for lack of a better term, were able to find out. It wasn't an intentional attempt to fraud or to bamboozle the court. There was nothing to gain from him not listing all of his cases. And, in fact, when you look at the cases that he did list, four of the cases were dismissed. So I don't think that this was an attempt for him to put himself in a better light. He just simply didn't have the information. And all along, Mr. Wilson appears to have been a paying customer, correct? Correct. It wasn't a segment of time in which he was attempting to qualify his IFP. He was always intended, with regard to this lawsuit, to pay the filing fees, is that correct? That's correct, Your Honor. And so for that reason, I believe dismissal for not listing all of his cases with prejudice was an erroneous basis. He wasn't attempting to defraud the court. He just simply didn't have the information to provide. And at all times, he did pay the filing fee. I believe at first they paid $350 because they gave him the wrong form. And then as soon as he found out, he paid the extra $50. And so he was blameless in that regard. I think it's a closer question regarding whether he can state a claim, which the court reviewed on its second review under the Eighth Amendment, for deliberate indifference to his medical needs. Specifically looking through the complaint, I think there's two specific instances that I believe meet that standard under 12d6, keeping in mind that he is a pro se plaintiff and that at the time of this instance occurred. And so in order to state the Eighth Amendment claim, it has to be objectively serious, and there also has to be a culpable mind on the basis of the defendant. So specifically for the instance, if I can look for the date, it was May 8th to May 16th, 2015, which I think is one specific instance where he went to see Dr. Obese. Dr. Obese asked him to stop with his hunger strike because he refused to cease his hunger strike. Not only did he refuse to give him the involuntary feeding, they refused to give him any medical support at all during that period from the 8th through the 16th, essentially saying that if you want any help, then you have to eat regular food. At that point in time, he had been on this hunger strike for at least five months. He began on January 1st, and so he's already in a precarious health state. And so to completely deny him because he insisted on continuing with his hunger strike, I think would constitute the requisite objective standard and the subjective standard on the part of the doctor and also on the medical staff who have been aware of this going on, their failure to intervene, knowing everything that was going on. A second specific instance that I would like to bring to the Court's attention is that he began experiencing extreme back pain when he reported it to Dr. Obese. Essentially, they refused to treat him for the back pain and sort of wrote it off as something that was consistent with going on a hunger strike. I don't believe that's accurate. And essentially, he originally began complaining of this back pain in late May 2015. He consistently complained about it until January of 2016, if I'm not mistaken,  and it turned out that he had an enlarged prostate. And so being able to test for an enlarged prostate isn't a difficult test to prove. It isn't an expensive test in that had they been doing their jobs and evaluating him seriously, then this is a condition that is sufficiently painful, and he suffered it for so long because they wouldn't treat him and wouldn't correctly evaluate him, that that would also constitute deliberate indifference under the Eighth Amendment. So they didn't send him to a specialist or urologist? Is that what happened or did not happen? My understanding is they didn't do anything about it. So he would complain about back pain, and essentially they wrote it off as, well, that's part of the hunger strike. And so they didn't treat it at all until the point where he had to be rushed to the American Emergency Hospitalization in January of 2016. And then when he was at the hospital, the hospital said, no, he's suffering from an enlarged prostate. They treated him there, and the hospital recommended that he go to see a specialist. The hospital recommended that. Right. However, even after the hospital recommended that he go see a specialist because he's suffering from this enlarged prostate, my understanding based upon my reading of the complaint is that they still didn't send him to go see a specialist. They essentially just gave him Tylenol for his treatment for an enlarged prostate. Ms. Samuels, one of the things that I found difficult when I read Mr. Wilson's complaint is that it is hard to separate the health ramifications, the medical ramifications that he was experiencing from the hunger strike from what he says, what you're arguing about the back pain and the enlarged prostate. Because the only references that I can see to those issues in his complaint are in paragraphs 73 and 74. Okay. Okay. And so what they're not accompanied by, he's not saying in his complaint, I was complaining for months about back pain. In fact, I was complaining about back pain long before the hunger strike. And I've been complaining about symptoms that may suggest an enlarged prostate for a long time as well. That's just not what he alleges here. Okay. I'm not saying that he can't allege that or that the facts don't exist. And maybe that's why, you know, if you prevail and convince us that the error, you know, that there was error in not dismissing this without prejudice, that he could replete it. But at least as it's pled right now, he doesn't disentangle the issues from the hunger strike with anything else that he may have independently been suffering from. Have I read this wrong? I would agree that he doesn't disentangle the issues. However, I do believe that when you look at the consequences that would result of a hunger strike, back pain seems to be something that's distinct from saying tiredness or dizziness or things of that nature. I mean, I know you're arguing that, but can you point to anything in the complaint that separates it? Your Honor, he doesn't specifically plead that in the complaint. However, I would also just like to reiterate that he was a prostate plaintiff. And so liberally construing his complaint to see if there's any state of facts that he might be able to plead, I think he would be entitled to the benefit of that inference, or at the very least an opportunity to replete it before the district court. Anything further? No, Your Honor. Thank you, Ms. Samuels. We appreciate your submission and your time. Thank you. Thank you. The case will be taken under advisement, and the court will stand at recess until its next oral argument session.